UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
UNITED STATES OF AMERICA ,    )
                              )
    v.                        )    Criminal No. 08-0311 (PLF)
                              )
SEAN JACKSON,                 )
                              )
    Defendant.                )
_____)


MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Sean Jackson's motion to correct the judgment issued by this Court for clerical error under Rule 36 of the Federal Rules of Criminal Procedure. Mr. Jackson requests that the Court amend its written Judgment and Commitment to strike the requirement that he serve the first four of twenty-four months of supervised release in home confinement with radio frequency monitoring. Upon consideration of Mr. Jackson's motion, the relevant legal authorities, and the entire record in this case, the Court will grant Mr. Jackson's motion.[1]

On October 31, 2008, Mr. Jackson entered a plea to one count of wire fraud, in violation of 18 U.S.C. § 1343. Stmt. Offense at 3. On February 23, 2009, the Court sentenced Mr. Jackson to twelve months' imprisonment in the form of a split sentence: Mr. Jackson would

---

[1] The papers reviewed in connection with the pending motion include: the Statement of Offense ("Stmt. Offense") [Dkt. No. 7]; the initial Judgment and Commitment dated February 27, 2009 ("February 27, 2009 Judgment") [Dkt. No. 20]; the transcript of sentencing on February 23, 2009 ("2/23/09 Tr.") [Attached as Exhibit 1, Dkt. No. 58]; the transcript of final hearing on violation of supervised release on April 5, 2012 ("4/5/12 Tr.") [Attached as Exhibit F, Dkt. No. 64]; the Judgment and Commitment for revocation of supervised release dated April 6, 2012 ("April 6, 2012 Judgment") [Dkt. No. 44]; the defendant's motion to correct judgment for clerical error "Def's Mot." [Dkt. No. 58]; and the government's response ("Resp.") [Dkt. No. 64].

serve eight months in prison, followed by four months of home confinement with radio frequency monitoring and thirty-two additional months of supervised release. 2/23/09 Tr. at 21-22. The Court's oral sentence was reflected in the written Judgment and Commitment, which included an eight month prison term and a supervised release term of "Thirty-six (36) months, the first four (4) months of which shall be served as home confinement with Radio Frequency Monitoring." Under "Additional Supervised Release Terms," the Judgment set forth the requirements of the radio frequency monitoring. February 27, 2009 Judgment at 3-4.

After numerous violations of conditions of his supervised release, and after a hearing, the Court revoked Mr. Jackson's supervised release on April 5, 2012. 4/5/12 Tr. at 24. The Court sentenced Mr. Jackson to a nine month term of imprisonment to be followed by twenty-four months of supervised release "with the same conditions as last time." Id. at 24-25. The written Judgment and Commitment included a nine month term of imprisonment and twenty-four months of supervised release. It included the additional supervised release term of home confinement with radio frequency monitoring for the first four months. April 6, 2012 Judgment at 3-5. Mr. Jackson requests that the Court strike the condition of home confinement with radio frequency monitoring as a clerical error. Def.'s Mot. at 1.

Under Rule 36 of the Federal Rules of Criminal Procedure, the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. See, e.g., United States v. Booker, 436 F.3d 238, 245 n.1 (D.C. Cir. 2006); United States v. Buendia-Rangel, 553 F.3d 378,

379 (5th Cir. 2008) (explaining that clerical errors "exist when the court intended one thing but by merely clerical mistake or oversight did another") (internal citation)).

In stating at the revocation hearing that Mr. Jackson's sentence included "the same conditions as last time," the Court did not intend to impose a requirement of four months of home confinement with radio frequency monitoring. Its inclusion in the written Judgment and Commitment therefore constituted clerical error. The Court's initial sentence of Mr. Jackson in February 2009 comprised part of a twelve month split sentence of imprisonment that was meant to meet the minimum terms of imprisonment recommended by the Sentencing Guidelines. 2/23/09 Tr. at 21-22 ("[T]ogether the eight months in prison and the four months at home with electronic monitoring equals the bottom of the [sentencing] guidelines."). At his final hearing on revocation of supervised release, the Court sentenced Mr. Jackson to a term of nine months' imprisonment, the maximum imprisonment term recommended by the policy statements in the Sentencing Guidelines governing revocation. A split sentence would have served no useful purpose, nor would home confinement with radio frequency monitoring, and neither was intended by the Court. See 4/5/12 Tr. at 25 ("You got to be punished. Nine months followed by two years of supervised release.").

At the revocation hearing, the Court did not expressly mention a four month period of home confinement with radio frequency monitoring as part of Mr. Jackson's sentence, and it did not intend to include this requirement. Its inclusion in the written Judgment and Commitment therefore will be stricken pursuant to Rule 36.

Accordingly, it is hereby

ORDERED that Mr. Jackson's Rule 36 motion to correct judgment for clerical error is GRANTED; and it is

FURTHER ORDERED that the Clerk of the Court prepare an Amended Judgment and Commitment for the Court's signature.

SO ORDERED.

DATE:   January 31, 2013

/s/_____
PAUL L. FRIEDMAN
United States District Judge